UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANTONIO QUINTEROS CORNEJO,

Petitioner,

v.

TONYA ANDREWS, et al.,

Respondents.

Case No.  1:25-cv-02062-JLT-HBK (HC)

FINDINGS AND RECOMMENDATIONS TO GRANT THE PETITION FOR WRIT OF HABEAS CORPUS [1]

(Doc. 2)

FOURTEEN (14) DAY OBJECTION PERIOD

On January 29, 2026, Respondents filed a notice stating they would stand on their current filings.  (Doc. 14).  Under the Court's January 29, 2026 Order, the Court therefore takes the matter under submission on the existing record.  (*See* Doc. 13).

I.    PROCEDURAL BACKGROUND

On December 29, 2025, Petitioner filed a counseled petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration Customs and Enforcement (ICE) as a violation of his Fifth Amendment due process rights.  Petitioner argues that (1) he was detained without a pre-deprivation bond hearing, (2) as an unaccompanied alien child under the Trafficking Victims Protection Reauthorization Act ("TVPRA") 8 U.S.C. § 1232(c)(2)(B), he is

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2026).

entitled to placement in the "least restrictive setting," and (3) the automatic stay provision invoked by the Respondents under 8 C.F.R. § 1003.19(i)(2) violates due process. (Doc. 2 at 8-14; Doc. 13 at 4). As relief, Petitioners seeks, *inter alia,* a writ of habeas corpus requiring his release him from custody. (*Id*. at 14).

On January 2, 2026, Petitioner filed a motion for a temporary restraining order ("TRO"). (Doc. 4). On January 29, 2026, the district judge converted the TRO to a motion for preliminary injunction and granted the motion. In relevant part, the Court found Petitioner was likely to succeed on his claims that (1) he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was initially designated an unaccompanied alien child under the TVPRA, (2) as an unaccompanied minor previously released under the TVPRA, his due process rights were violated when he was re-detained without a pre-deprivation hearing, and (3) his continued detention through the automatic-stay regulation, as applied to him, violates due process. (Doc. 13 at 8-17).

The Court ordered Petitioner to post a $5,000 bond in compliance with the immigration judge's order; directed Respondents to accept the bond and ordered Respondents to immediately release Petitioner under his prior conditions of release. (Doc. 13 at 19). The Court also enjoined Respondents from re-detaining Petitioner under 8 U.S.C. § 1225(b)(2) absent a change in circumstances. (*Id*.). If Respondents seek to re-detain Petitioner, they must provide at least seven days' advance notice and hold a pre-deprivation bond hearing before a neutral decisionmaker, where the government bears the burden to show, by clear and convincing evidence, that Petitioner is a flight risk or danger to the community such that his physical detention is justified. (*Id*.). The district judge referred the matter to undersigned magistrate judge to address the merits of the Petition. (*Id*.).

II.    ANALYSIS

After reviewing the record and applicable law, the undersigned adopts the reasoning in the Court's January 29, 2026 Order and concludes that: (1) Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he was designated as an unaccompanied alien child under the TVPRA; (2) the TVPRA contemplates placement of minors in the Department of

2

Homeland Security ("DHS") custody in the "least restrictive setting" after they turn 18, and Petitioner therefore has a protected liberty interest that was violated when he was re-detained without a pre-deprivation hearing; and (3) applying the factors in *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), Petitioner's secondary detention under the automatic-stay regulation, as applied here, violates due process. (Doc. 13 at 8-17). These conclusions are consistent with analogous decisions addressing re-detention of noncitizens following release under the TVPRA. *See, e.g., R.D.T.M. v. Wofford*, 2025 WL 2686866 (E.D. Cal. Sept. 18, 2025); *Otilio B.F. v. Andrews*, 2025 WL 3152480 (E.D. Cal. Nov. 11, 2025). Because Petitioner seeks permanent release from, or relief from, unlawful civil detention, the undesigned recommends the district judge grant the petition under 28 U.S.C. § 2241 based on its previous conclusions and fashion the writ to require either continued release on prior conditions or constitutionally adequate pre-deprivation process, as set out in the permanent injunction.

Petitioner also requested a declaration he is a member of the bond eligible class certified in *Maldonado Bautista v. Noem*, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). (Doc. 13 at 5 n.3; see also Doc. 2 at 8). In its January 29, 2026 Order, the district judge declined to reach that issue and noted that it could be raised in the merits briefing. (Doc. 13 at 5 n.3). Respondents then chose to stand on their existing filings and submitted no additional argument on the issue. (See Doc. 14).

After the Petition and Response were filed, the Ninth Circuit limited application of the *Maldonado Bautista* class to the Central District of California and temporarily stayed its application to all other potential class members. *See Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). Petitioner's only avenue for relief on that class-membership claim therefore lies in the Central District of California. Moreover, even apart from the Ninth Circuit's stay, this Court has previously expressed concerns about the binding nature of the *Maldonado Bautista* directives in the context of a habeas petition seeking relief based solely on the alleged class membership. *See Gurrola v. Cruz*, Case No. 1:25-cv-02078-JLT-HBK, 2026 WL 494478, at *5-6 (E.D. Cal. Feb. 20, 2026), *report and recommendation adopted by Herredia Gurrola v. Cruz*, 2026 WL 622124 (E.D. Cal. Mar. 5, 2026) (citing *Justo S.*

*v. Cruz*, 2026 WL 457120, at \*1 (E.D. Cal. Feb. 18, 2026) (declining to decide whether a petitioner is entitled to habeas relief solely because he is a *Maldonado Bautista* class member."). In light of the Court's findings that Petitioner's re-detention violated due process and that the petition should be granted, it is unnecessary to resolve whether Petitioner is entitled to relief based solely on his alleged membership in the *Maldonado Bautista* class.

Accordingly, it is RECOMMENDED that:

1. The petition for writ of habeas corpus (Doc. 2) be GRANTED and the preliminary injunction entered on January 29, 2026 (Doc. 13) be converted into a permanent injunction implementing the writ, which shall remain in effect; and,

2. The case be CLOSED.

**NOTICE TO PARTIES**

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. *Id*.; Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and shall not exceed **fifteen (15) pages**. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

Dated:   July 4, 2026

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

4